# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MAUREEN HERZOG,**
        **Plaintiff,**

    v.                                   Case No. 11-CV-00848

**GRAPHIC PACKAGING INTERNATIONAL, INC.,**
**and ABC INSURANCE COMPANY,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Maureen Herzog brought this breach of contract case in state court claiming that her deceased husband's employer, Graphic Packaging International, Inc. refused to pay the benefits due under a supplemental life insurance policy purchased by her husband. Defendant removed the case to this court on the ground that the case raises a federal question because it is governed by the Employee Retirement Income Security Act ("ERISA"), which preempts plaintiff's state law claim. *See* 29 U.S.C. § 1144(a). Plaintiff concedes that her claim is governed by ERISA. Before me now is defendant's motion for summary judgment.

Plaintiff's husband, Richard Herzog, worked for defendant for 25 years until his death in April 2009. As a benefit of his employment, defendant provided him with basic life insurance, and for several years prior to his death he also elected to purchase optional additional life insurance through defendant. Plaintiff was named as the beneficiary on both policies. At the end of 2008, however, the additional life insurance policy was cancelled. This change was reflected on Richard's pay stubs from January 2009 forward, which show

he was no longer having premium payments for "VOL LIFE" withheld from his paycheck. (Aff. Maureen Herzog Ex. A, B, ECF No. 14-7, 14-8.) Defendant presents evidence indicating that Richard used defendant's benefits website to cancel his supplemental life insurance policy during the annual enrollment period for 2009. Plaintiff responds that defendant must have fabricated this evidence because it would have been unreasonable for her husband to make such a change. She points out that her husband was diagnosed with stage 4 cancer in September 2008 and knew his wife would soon benefit from the policy. Thus, she asserts that defendant must have made the change without her husband's consent. She does not offer any evidence to support this contention though.[1] Upon Richard's death, defendant's insurance company paid the $35,000 due under his basic life insurance policy but refused to make any additional life insurance payments.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I view the evidence in the light most favorable to the non-moving party and may grant the motion only if no reasonable juror could find for plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

Plaintiff brings her claim under 29 U.S.C. § 1132(a)(1)(B), which authorizes a beneficiary of an insurance policy covered by ERISA to sue "to recover benefits due to

---

[1] Plaintiff attempts to support this assertion by offering into evidence her own affidavit, which states in a conclusory fashion that "in late 2008, without consent of Richard Herzog, Graphics Packaging converted the life insurance policy on which it would imminently have to make payment, into an [accidental death and dismemberment] policy." (Herzog Aff. ¶ 6.) Defendant, however, moves to strike this affidavit because it is not based on personal knowledge. Plaintiff has filed nothing in opposition to the motion to strike. I will grant defendant's motion. *See* Civil L.R. 7(d) (E.D. Wis.) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion.").

2

[her] under the terms of [her] plan." Defendant claims it is entitled to summary judgment because the undisputed evidence shows that there was no supplemental life insurance policy in effect for defendant to pay benefits on. Defendant offers screen shots from its benefits website and an affidavit from an employee in its benefits department as proof that plaintiff's husband authorized the cancellation of the life insurance policy, and plaintiff offers no evidence to the contrary. Plaintiff admits that her husband stopped paying the premiums for the additional life insurance policy in January 2009, four months prior to his death, and she offers no evidence of wrongdoing by defendant. While plaintiff's husband may well have made a mistake in cancelling the extra life insurance, no reasonable factfinder could conclude that the policy was in effect at the time of his death. The evidence clearly indicates that plaintiff's husband did not have supplemental life insurance when he died.

Because plaintiff's claim fails on the merits, I need not consider defendant's exhaustion argument. Moreover, plaintiff had an opportunity to conduct discovery and offers no justification for additional discovery.

**THEREFORE, IT IS ORDERED** that defendant's motion to strike portions of plaintiff's affidavit (Docket #17) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (Docket #10) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 8th day of March 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge